J-S38037-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MATTHEW CLINTON MELIUS, | : | |
| Appellant | : | No. 105 WDA 2018 |

Appeal from the PCRA Order November 21, 2017
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000345-2016

BEFORE:  BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                FILED JULY 20, 2018

Matthew Clinton Melius (Appellant) appeals from the order entered November 21, 2017, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 22, 2016, Appellant pled guilty to one count of possession of drug paraphernalia and was sentenced to three to six months of incarceration with credit for time served and immediate parole.  Appellant did not file a post-sentence motion or direct appeal.

On October 2, 2017, Appellant pro se filed a PCRA petition.  In that petition, Appellant claimed that the arresting officer involved in his case, Officer William Slisz, had been charged with several crimes related to tampering with evidence in criminal investigations, which resulted in some of the cases in which Officer Slisz had been involved being dismissed.  Appellant

_____

* Retired Senior Judge assigned to the Superior Court.

requested that his case also be dismissed on those grounds. The PCRA court appointed Timothy Burns, Esquire, to represent Appellant and scheduled a hearing. That hearing occurred on November 21, 2017. At that hearing, the Commonwealth represented to the PCRA court that it concluded that Appellant's case was "not tampered with or affected by [Officer Slisz's] actions." N.T., 11/21/2017, at 2. Thus, the PCRA court denied the motion.

Appellant timely filed a notice of appeal. Although not ordered, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court then filed an opinion.[1]

On appeal, Appellant contends that he is entitled to relief

as he was unaware at the time he entered his plea, his arresting officer compromised a number of drug cases in Cambria County by stealing drugs from the evidence room of the Johnstown Police Department. []Appellant contends that based on local media reports that his case was one of those compromised by Officer Slisz, and for that reason, PCRA relief is warranted.

Appellant's Brief at 11-12.

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." Commonwealth v. Eichinger, 108 A.3d 821, 829

---

[1] On January 30, 2018, the PCRA court filed an opinion suggesting that Appellant has waived all issues on appeal for failing to request and obtain a transcript of the PCRA hearing. The record reveals that the transcript was not filed until February 7, 2018. However, we decline to find all of Appellant's issues waived under these circumstances because the transcript is part of the certified record and available for our review.

(Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." Commonwealth v. Koehler, 36 A.3d 121, 131 (Pa. 2012).

Our review of the hearing transcript, viewed in the light most favorable to the Commonwealth, reveals that Appellant presented no evidence whatsoever. Attorney Burns did not present any witnesses or documentary evidence; rather, he simply argued Appellant's position. The PCRA court credited the Commonwealth's representation that Appellant's case was not one where Officer Slisz acted improperly. See N.T., 11/21/2017, at 2 (denying the PCRA petition as having "no merit"). Based on this record, we cannot disturb the PCRA court's conclusion that Appellant was not entitled to relief.[2]

Order affirmed.

---

[2] We recognize that Appellant's sentence was three to six months of incarceration subject to immediate parole, and it is possible he has already served that sentence. However, because of Appellant's lengthy criminal history, it is not clear from the record before us. If he has completed that sentence, he is not eligible for PCRA relief for that reason. See 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence … [that he] has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted … currently serving a sentence of imprisonment, probation or parole for the crime[.]"). Nevertheless, because we cannot determine that from the record before us, and Appellant has not convinced us that he is entitled to relief on the merits, we will not remand for a determination of eligibility.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   7/20/2018